# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2014-0356, <u>State of New Hampshire v. Adam Welch</u>, the court on April 28, 2015, issued the following order:

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Adam Welch, appeals his conviction for driving while intoxicated.  He argues that the Superior Court (<u>Kissinger</u>, J.) erred in denying his motion <u>in</u> <u>limine</u> that sought the exclusion of a racially offensive statement that he made on the night of his arrest.

The following evidence is found in the record.  On the night of May 5, 2013, the defendant placed a takeout order at a Keene restaurant.  The woman who took his order noticed that the defendant smelled of alcohol and was slurring his words.  She also noticed that his face was red.  When she finished her shift a short time after he left the restaurant, she noticed him sitting in his car in the parking lot.  She described the car as a red "old muscle car."  The defendant appeared to be yelling at his dog, who was sitting in the passenger seat.  She watched him speed out of the restaurant parking lot, skid and crash into a guardrail.  He then drove off around a corner.

Another patron observed the defendant as he exited the restaurant, and noticed that the defendant smelled of alcohol and was staggering.  He also heard the defendant make a racially offensive statement to his dog.  The customer observed the defendant "burn[] out of the driveway" in a "red muscle car" and then heard a loud bang.

Keene Police Officer Hurley was dispatched to the restaurant where he observed fresh skid marks and a red mark on the guardrail.  He followed the skid marks and eventually located the defendant's car behind a local business. He noticed that the car had flat tires and there was fresh damage to the right front corner of the car on the passenger side.  As Hurley approached the car, he observed the defendant stumbling around in the area of the car.  When he stopped in front of Hurley, the defendant began swaying in a circular motion. He swayed so much that he had to put his hand on the car to keep his balance. Hurley noticed that the defendant had red, bloodshot, glassy eyes, was slurring his speech and had a strong odor of alcohol on his breath.  When asked for his license, the defendant reached into his rear pocket and stumbled backward. When Hurley asked if he had been drinking, the defendant replied, "I don't

drink." When asked for his registration, the defendant opened the door slowly and used the door and its frame for balance to get inside the car. When he reached over to the glove-box, he almost fell off the front seat onto the floor. The defendant declined to take a field sobriety test. After advising the defendant that he thought he was under the influence of alcohol, Hurley arrested him. At the police station, Hurley asked the defendant if he was willing to take a breath test. The defendant refused.

Prior to trial, the defendant filed a motion in limine seeking to exclude the racially offensive statement that he had made in the restaurant parking lot. The trial court denied the motion, observing that impairment was a contested issue in the case and that "people's willingness to use inappropriate language or act in an inappropriate way can be some evidence of impairment." At trial, after the jury heard the statement, the trial court gave the following instruction:

> Okay. Member[s] of the jury, I just want to address one aspect of -- of this statement by this witness; specifically, testimony about an alleged racial statement.
>
> You're only to consider this evidence to the extent you find that it bears on the issues for you to decide in this case; namely, whether the State has met its burden of proving that the Defendant was under the influence of intoxicating liquor. I instruct you that you are not to use this alleged racial statement for any other purpose in this case.

Following trial, the defendant was convicted and this appeal followed.

The defendant argues on appeal that the trial court erred by admitting evidence relating to the racially offensive statement because this was not a case "in which race was a relevant factor." He also contends that even if the statement had some limited probative value, because of the nature of his statement, "the potential for prejudice [was] extreme" and the prejudice could not be cured by the trial court's limiting instruction. The State argues that, if the trial court erred in its ruling, the error was harmless.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401. Evidence that is not relevant is inadmissible. N.H. R. Ev. 402. Although evidence is relevant, the trial court may exclude it "if its probative value is substantially outweighed by the danger of unfair prejudice." N.H. R. Ev. 403. Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or

2

trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case. State v. Botelho, 165 N.H. 751, 755 (2013).  Unfair prejudice is not mere detriment to the objecting party's case, in which sense all evidence offered is meant to be prejudicial.  Id.  Rather, the prejudice required to predicate reversible error is an undue tendency to induce a decision on some improper basis, commonly one that is emotionally charged.  Id.

We review a trial court's ruling on the admissibility of evidence to determine whether its exercise of discretion is sustainable.  State v. Hayward, 166 N.H. 575, 580 (2014).  To establish that a trial court's ruling is unsustainable, the defendant must demonstrate that the ruling was clearly untenable or unreasonable to the prejudice of his case.  Id.

We will assume, without deciding, that the trial court erred in denying the defendant's motion in limine.  Having reviewed the record before us, we agree with the State that, if the ruling was error, it was harmless.

To establish that an error was harmless, the State must prove beyond a reasonable doubt that the error did not affect the verdict.  Id. at 584.  An error may be harmless beyond a reasonable doubt if the alternative evidence of a defendant's guilt is of an overwhelming nature, quantity, or weight and if the evidence that was improperly admitted is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt.  Id.

The evidence in this case included testimony from three witnesses about the defendant's physical appearance, including that he smelled of alcohol, was unsteady on his feet, and had a red face and red, glassy, bloodshot eyes.  The arresting officer described the defendant's unsteadiness and his difficulty with walking and with producing his license and registration.  The defendant also refused to perform field sobriety tests and to take a breath test.  See State v. Lorton, 149 N.H. 732, 735 (2003) (viewed in light most favorable to State, refusal supports inference that defendant sought to suppress evidence of his guilt).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**